| | |
|---|---|
| DANIEL PATRICK,<br>8122 Cohosh Court<br>Raleigh, NC 27616,<br><br>    *Plaintiff*,<br><br>vs.<br><br>MATTHEW G. WHITAKER,<br>in his official capacity,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530;<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES,<br>an agency of the Department of Justice,<br>99 New York Avenue, N.E.<br>Washington, DC 20226;<br><br>THOMAS E. BRANDON,<br>in his official capacity,<br>99 New York Avenue, N.E.<br>Washington, DC 20226;<br><br>    *and*<br><br>UNITED STATES OF AMERICA,<br>United States Attorney's Office<br>310 New Bern Avenue<br>Federal Building, Suite 800<br>Raleigh, North Carolina 27601-1461,<br><br>    *Defendants*. | COMPLAINT |

**COMPLAINT**

1. Plaintiff Daniel Patrick seeks injunctive and declaratory relief against Matthew G. Whitaker and a regulation he signed banning "bump stocks." *See* Bump-Stock-Type Devices (Final Rule), 83 Fed. Reg. 66514 (Dec. 26, 2018), http://bit.ly/2ER6BZV. Plaintiff owns such a device. And Mr. Whitaker was designated as Acting Attorney General in violation of the Appointments Clause and applicable statutes. His unlawful action thus harms plaintiff directly.

2. Emergency injunctive relief is necessary to prohibit the Final Rule from taking effect. The Final Rule presently deprives plaintiff of his property rights and requires that he permanently destroy his lawfully held property by March 26, 2019. Plaintiff is and will continue to suffer irreparable harm without injunctive relief, as the government has agreed in parallel litigation.

3. Plaintiff brings his causes of action pursuant to the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, and this Court's equitable jurisdiction to enjoin "violations of federal law by federal officials," *Armstrong v. Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015); *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (there is an "implied private right of action directly under the Constitution to challenge governmental action under the Appointments Clause"). The Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201-2202, and preliminary and ultimate injunctive relief in its equitable discretion, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32 (2008).

4. Plaintiff has standing to challenge Mr. Whitaker's authority, because Mr. Whitaker took direct action that injures plaintiff. Thus, plaintiff has the right to challenge Mr. Whitaker's authority under the Appointments Clause, regardless of whether another, lawful official would make the same decision. *See Landry v. FDIC*, 204 F.3d 1125, 1130-32 (D.C. Cir. 2000) (collecting authorities). Plaintiff cannot later be compensated with damages for this constitutional violation.

## JURISDICTION

5. This Court has subject-matter jurisdiction over this action pursuant to 5 U.S.C. §§ 702, 704, and 28 U.S.C. § 1331. Venue is appropriate pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Daniel Patrick is an individual U.S. Citizen who resides in Raleigh, North Carolina. He owns a "bump-stock-type device," as defined by the Final Rule, specifically, a Slide Fire SSAR-15.

7. Defendant U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is the federal agency responsible for promulgating and enforcing regulations under the National Firearms Act, 26 U.S.C. § 5841 *et seq.*, and Gun Control Act, 18 U.S.C. § 921 *et seq.*, on which ATF relied in promulgating the Final Rule.

8. Defendant Thomas E. Brandon is the Acting Director of ATF, and he is sued in his official capacity. Among other things, he is responsible for implementing and enforcing the Final Rule.

9. Defendant Matthew G. Whitaker is the former Chief of Staff to the Attorney General, who was designated to act as the Attorney General. Among other things, the Attorney General is responsible for implementing and enforcing the Final Rule. Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, 2277, http://bit.ly/2AjB6V3; *see* 26 U.S.C. §§ 7801(a)(2), 7805; 28 U.S.C. § 599A(c)(1).

10. Defendant United States of America is a proper party in this action pursuant to 5 U.S.C. §§ 702, 703, and the declaratory and equitable relief plaintiff seeks.

## FACTUAL ALLEGATIONS

11. On November 7, 2018, the President forced the resignation of Attorney General Jefferson Sessions III. Deputy Attorney General Rod Rosenstein automatically became the Acting Attorney General by operation of law. 28 U.S.C. § 508(a). The next day, the President displaced Acting Attorney General Rosenstein, invoking the Federal Vacancies Reform Act (FVRA), 5 U.S.C.

§ 3345(a)(3), to direct an employee, former Chief of Staff Matthew Whitaker, to perform the functions of the Attorney General. This violated the Appointments Clause and 28 U.S.C. § 508(a).

12. Mr. Whitaker personally executed the Final Rule, which was published in the Federal Register on December 26, 2018. *See* 83 Fed. Reg. 66514 (Dec. 26, 2018). In addition to effectively depriving plaintiff of his rights to possess, transfer, and sell his bump stock, the Final Rule requires him to destroy his bump stock by March 26, 2019, or risk facing severe criminal penalties. As the government has conceded in parallel litigation, this constitutes irreparable harm.

13. For the reasons set forth in the Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Relief and Memorandum in Support: Mr. Whitaker's designation as Acting Attorney General violated the Appointments Clause, U.S. Const. art. II, § 2, cl. 2; Mr. Whitaker's designation violated the Attorney General Succession Act, 28 U.S.C. § 508, because when such office-specific statute designates the official who will serve during an absence or vacancy, the FVRA by its terms does not apply, 5 U.S.C. § 3347(a)(1)(B); the FVRA is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer, *id.* § 3345(a)(3); and the FVRA is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed "officer or employee," who is not the first assistant, to act as a principal officer, *id.*

**COUNT I: CLAIM FOR INJUNCTION AGAINST THE FINAL RULE**

14. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

15. For the reasons alleged here and set forth in plaintiff's Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Relief and Memorandum in Support, plaintiff is entitled to preliminary and permanent injunctive relief preventing the Final Rule from taking effect, if at all, for 90 days after the exhaustion of all appeals in this matter. Plaintiff is

likely to and will succeed on the merits; "is likely to suffer irreparable harm in the absence of preliminary relief"; and the "balance of equities" and "public interest" overwhelmingly favor enjoining the Final Rule as signed by Mr. Whitaker. *Winter*, 555 U.S. at 20, 32.

## COUNT II: CLAIMS FOR DECLARATORY JUDGMENT

16. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

17. Plaintiff is entitled to a declaration that the Final Rule is invalid as signed by Mr. Whitaker and that Mr. Whitaker's designation violated the Constitutional and federal law, such that he was not lawfully the Acting Attorney General. *See* 28 U.S.C. §§ 2201-2202.

18. The available Deputy Attorney General was automatically designated to serve as Acting Attorney General when former Attorney General Sessions resigned, by operation of 28 U.S.C. § 508, such that the FVRA by its terms did not apply. Thus, plaintiff is entitled to a declaration that the FVRA does not apply when there is an office-specific designation statute, such as 28 U.S.C. § 508, and the designated official is available to serve.

19. Mr. Whitaker was directed to act as Attorney General pursuant to 5 U.S.C. § 3345(a)(3). Thus, plaintiff is entitled to a declaration that § 3345(a)(3) is unconstitutional insofar as it permits the President to direct an employee, such as the Chief of Staff, to act as an "officer."

20. The "first assistant" by law, Deputy Attorney General Rod Rosenstein, was available to serve when Mr. Sessions resigned. Thus, plaintiff is entitled to a declaration that § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-confirmed official who is not the first assistant to act as a principal officer.

## REQUEST FOR RELIEF

For the foregoing reasons, as well as those set forth in the motion and memorandum for injunctive and declaratory relief, plaintiff respectfully requests an ORDER that:

(a) ENJOINS the Final Rule from going into effect, if at all, for at least 90 days after resolution of this action and all appeals;

(b) DECLARES that the Final Rule is invalid as signed by Matthew G. Whitaker;

(c) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violated the Appointments Clause;

(d) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violated 28 U.S.C. § 508, because 5 U.S.C. §§ 3345 *et seq.* does not apply when an office-specific statute like 28 U.S.C. § 508 designates an official to serve during an absence or vacancy;

(e) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer;

(f) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed officer or employee who is not the first assistant to act as a principal officer; and

(g) DECLARES that Matthew G. Whitaker was not the Acting Attorney General.

Dated: February 21, 2019                           Respectfully submitted,

                                                   By: /s/ Raymond M. DiGuiseppe

Thomas C. Goldstein                                Raymond M. DiGuiseppe
    *By Special Appearance*                      THE DIGUISEPPE LAW FIRM, P.C.
GOLDSTEIN & RUSSELL, P.C.                          4320 Southport-Supply Road
7475 Wisconsin Avenue, Suite 850                   Suite 300
Bethesda, MD 20814                                 Southport, NC 28461
(202) 362-0636                                     (910) 713-8804
Fax: (866) 574-2033                                Fax: (910) 672-7705
TGoldstein@goldsteinrussell.com                    law.rmd@gmail.com
MD Bar No. 9512120307                              NC Bar No. 41807
                                                   Local Civil Rule 83.1(d) Counsel for Plaintiff

Daniel Woofter
    *By Special Appearance*
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
(202) 362-0636
Fax: (866) 574-2033
DHWoofter@goldsteinrussell.com
MD Bar No. 1812120199

*Attorneys for Plaintiff*

7
Case 5:19-cv-00052-BO   Document 1   Filed 02/21/19   Page 7 of 8

# CERTIFICATE OF SERVICE

I certify that on February 21, 2019, I caused a copy of the foregoing and all attachments filed thereto to be deposited with a third-party commercial carrier for overnight delivery, postage prepaid, addressed to the following defendants:

MATTHEW G. WHITAKER
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
99 New York Avenue, N.E.
Washington, DC 20226

THOMAS E. BRANDON
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
99 New York Avenue, N.E.
Washington, DC 20226

UNITED STATES OF AMERICA
U.S. Attorney's Office
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina 27601-1461

/s/ Daniel Woofter
Daniel Woofter
*Attorney for Plaintiffs*